■ CUTLER-HAMMER, INC., Respondent, v ONE LINCOLN ASSOCIATES, Respondent, and MEDICAL ENVIRONMENTS REALTY COMPANY, INC., et al., Appellants.—Judgment entered September 10, 1979, and two orders entered August 30, 1979, Supreme Court, New York County, granting summary judgments in favor of plaintiff Cutler-Hammer, Inc., and defendant One Lincoln Associates against the defendants-appellants, and denying the defendant Goz' motion for leave to amend his answers, are unanimously affirmed, with one bill of costs in favor of each respondent against defendants-appellants. We note the following circumstances: The 1974 lease from One Lincoln to defendant Medical Environments Realty Company, Inc. (MER) covering one portion of the premises did not require One Lincoln to obtain the certificate of occupancy. While the 1971 lease from One Lincoln to Automated covering the other portion of the premises provided that prior to the commencement date of the lease the landlord should secure a certificate of occupancy permitting the use of the premises for the purposes set forth in the lease, that lease further provided that if the landlord is unable to secure such certificate of occupancy the tenant might but should not be required to secure it. For the three years between the 1971 lease and the 1974 sublease from Automated to MER, the predecessor tenant used the premises for substantially the same purposes as in the MER leases with no objection or hindrance because of the deficiency in the certificate of occupancy. Defendants tenants' occupancy was never disturbed or threatened to be disturbed by reason of the deficiency of the certificate of occupancy. On January 29, 1975 the defendants were apparently satisfied with the statement of One Lincoln of its intention to obtain an amendment of its certificate of occupancy "at such time as we deem to be expeditious, in our discretion₁ However, if the Building Department questions the permissible use of your premises, we will promptly file for said amendment, if required." There is no indication that the certificate of occupancy would not be available, and indeed, when applied for, an amended certificate was granted. As to defendant Goz' attempt to plead fraud, it is clear that there was no affirmative misrepresentation as to the certificate of occupancy. Concur—Sandler, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.